**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and ARTHUR H. BUNTE, JR., as Trustee, | ) ) ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 18-cv-05207 |
| v. | ) ) | Judge |
| JEWETT PRINTING LLC, an Indiana limited liability Company; and JAMES W. PENDERGAST, an individual, | ) ) ) ) | Magistrate Judge |
| *Defendants.* | ) ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Fund") and Arthur H. Bunte, Jr., one of the Fund's present trustees, allege as follows:

## JURISDICTION AND VENUE

1.      This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and is a suit for breach of fiduciary duty and to recover employer contributions owed to the Fund by Defendants.

2.      This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.      Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant

to the forum selection clause contained in the Fund's Trust Agreement, which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4.      The Fund is an employee benefit plan and trust, with its principal office located at 9377 West Higgins Road in Rosemont, Illinois.

5.      The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund.

6.      Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7.      Defendant Jewett Printing LLC ("Jewett Printing") is a limited liability company organized under the laws of the State of Indiana. Jewett Printing is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

8.      Defendant James Pendergast ("Pendergast") is a resident of the State of Indiana and was the President of Jewett Printing during all relevant times.

## BACKGROUND INFORMATION

9.      Graphics Communication Local No. 17 ("Local 17") of the Graphic Communications Conference, an International Brotherhood of Teamsters affiliated union, is a

labor organization which represents, for the purpose of collective bargaining, certain employees of Jewett Printing and employees of other employers in the printing and publishing industry.

10.     During all relevant times, Jewett Printing and Local 17 have been parties to a collective bargaining agreement pursuant to which Jewett Printing has been required to make contributions to the Fund on behalf of certain of its covered employees.

11.     Jewett Printing and Local 17 are also parties to a Participation Agreement which requires Jewett Printing to pay contributions to the Fund.

12.     Jewett Printing agreed to be bound by the terms of the Health and Welfare Fund Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

13.     Under Article III, Section 1 of the Trust Agreement, Jewett Printing was required to "remit continuing and prompt Employer Contributions to the [Fund] as required by the applicable collective bargaining agreement, participation agreement, this Agreement and/or other written agreement to which the Employer is a party, applicable law and all rules and requirements for participation by Employers in the Fund as established and interpreted by the Trustees in accordance with their authority ..."

Article XI, Section 4 of the Trust Agreement provides that:

Non-Payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to attorneys' fees and such fees for late payment as the Trustees determine and as are permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater).

Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JP Morgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

14.     The Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Fund bills the employers for contributions.

15.     Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g., layoffs, new hires, terminations, etc.). The Fund relies upon these reports submitted by employers to prepare a monthly contributions bill that is sent to the employer. If no changes are reported by the employer, the Fund assumes that the same employees are still working and bills the employer accordingly.

## **STATUTORY AUTHORITY**

16.     Section 515 of ERISA , 29 U.S.C. § 1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

17. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of--

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

18. Section 409(a) of ERISA, 29 U.S.C. § 1109(a) provides:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach and to restore to such plan any profits of such fiduciary which may have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

19. Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1) provides:

In any action under this title (other than an action [to enforce §515]) by a participant, beneficiary, or fiduciary, the court in its discretion

may allow a reasonable attorney's fee and costs of action to either party.

## COUNT I – DELINQUENT CONTRIBUTIONS

20.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21.     Jewett Printing last reported the work history of its employees to the Fund for the period of June 25, 2017 through July 29, 2017.

22.     Based upon the employee work history assumptions made by the Fund thereafter as a result of Jewett Printing not reporting changes in work history, Jewett Printing has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Fund for the period of October 1, 2017 through June 30, 2018.

23.     Despite demands that Jewett Printing perform its statutory and contractual obligations with respect to making contributions to the Fund, Jewett Printing has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 22.

24.     Jewett Printing owes the Fund $110,765.20 for unpaid contributions (not including interest) for the period of October 1, 2017 through June 30, 2018, as a result of the conduct set forth in paragraph 22.

**WHEREFORE**, Plaintiffs request the following relief:

(a)     A judgment against Jewett Printing in favor of the Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(i)     the unpaid contributions owed to the Fund based upon the employee work history reported by Jewett Printing;

  (ii)  interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

  (iii)  an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

  (iv)  attorney's fees and costs.

  (b)  Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

  (c)  For such further or different relief as this Court may deem proper and just.

## COUNT II – BREACH OF FIDUCIARY DUTY

  25.  Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 24 of this Complaint as though fully set forth herein.

  26.  Defendant Pendergast is a "fiduciary" with respect to the Fund pursuant to sections 3(21)(A)(i) and (iii) of ERISA, 29 U.S.C. § 1002(21)(A)(i) and (iii), because he exercised control over assets of the Fund.

  27.  Pursuant to the collective bargaining agreement between Jewett Printing and Local 17, Jewett Printing was obligated to make a weekly deduction from each employee's paycheck for the purpose of funding, in part, each employees' contributions to the Fund for Health and Welfare insurance in the amount of $21.69 for single individuals and $109.15 for families as of April 2,

2017, and $24.72 for single individuals and $130.87 for families as of April 1, 2018 ("Employees' Contributions").

28.     Upon information and belief, Jewett Printing deducted the agreed-upon Employees' Contribution each week from its employees' paychecks for the period of October 1, 2017 through June 30, 2018.

29.     Upon information and belief, after their withholding by Jewett Printing, these monies became "plan assets" within the meaning of 29 C.F.R. § 2510.3–102(a).

30.     Upon information and belief, Defendant Pendergast exercised control over what payments were made to the Fund by Jewett Printing. After October 1, 2017, Defendant Pendergast failed to pay Employees' Contributions to the Fund and directed that the withheld amounts be disbursed to persons/entities other than the Fund.

31.     Defendant Pendergast has breached his fiduciary duty under ERISA by failing to forward the amounts withheld by Jewett Printing from its employees' wages for Fund contributions for the period of October 1, 2017 through June 30, 2018.

32.     Defendant Pendergast owes to the Fund approximately $31,661.55 for misappropriated Fund assets (not including interest) for the period of October 1, 2017 through June 30, 2018, as a result of the conduct set forth in paragraph 31.

     **WHEREFORE**, Plaintiffs request the following relief:

(a)     A judgment against Defendant Pendergast in favor of the Fund, pursuant to sections 409(a) and 502(g)(1) of ERISA, 29 U.S.C. §§ 1109(a), 1132(g)(1), for:

    (i)     all plan assets Pendergast failed to forward to the Fund;

    (ii)     interest on such plan assets computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day

of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

    (iii)    attorney's fees and costs.

    (b)    Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually;

    (c)    For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Matthew B. Wesley*
Matthew B. Wesley
Attorney for Plaintiffs
Central States Funds
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 777-4035
ARDC # 6327766
July 31, 2018    mwesley@centralstates.org